IN THE

## SUPREME COURT OF ERRORS,

HOLDEN AT NEW-HAVEN, IN JUNE, 1809.

———————

PRESENT,

The Hon. STEPHEN MIX MITCHELL, Chief Judge,
TAPPING REEVE,
ZEPHANIAH SWIFT,
JOHN TRUMBULL,
WILLIAM EDMOND,                JUDGES.
NATHANIEL SMITH,
JEREMIAH G. BRAINERD,
SIMEON BALDWIN,
ROGER GRISWOLD,

———————

### JAMES COLLINS and SELLECK OSBORN against ROGER COOK.

WRIT of error.

*Cook* brought his action 'of debt on a bail bond, given to him as deputy sheriff, the condition of which was, that whereas *Osborn* was arrested at the suit of *John M'Lean*, to appear at the county court in *Fairfield* county, in *November*, 1807; if he appeared, &c. the bond was to be void. The original defendants, after reciting the condition, pleaded in bar, that judgment was rendered on the 19th of *November*, 1807, and that, on that day, execution issued, returnable in sixty days, which execution was delivered to *John R. Landon*, sheriff, to execute; that *Landon* lived in *Litchfield*, and *Osborn* in *Boston*;

*A sheriff having an execution against a person held to bail on attachment, may, after due search, return it* non est, *before the expiration of sixty days, and it will be no defence to a suit upon the bond, that after the return, the debtor was publicly abroad, and that known to the sheriff.*

that on the fifth of *January*, 1808, *Osborn* arrived in *Litchfield*, and *then*, with intent to surrender himself, repaired to the house of *Landon*, and made inquiry for him, but he was absent from home; and from that day, until after the return day of the execution, *Osborn* resided openly in *Litchfield*, near *Landon's*, and repeatedly repaired to *Landon's*, with intent to surrender himself on the execution; that the person of *Osborn* was known to *Landon*; who also knew that *Osborn* was openly in *Litchfield*, but never arrested, nor demanded payment of him.

The plaintiff replied, that on the 22d of *November*, 1807, *Landon* with the execution made diligent search through his precincts (and particularly at the last place of abode of *Osborn*, in *Litchfield*) for the body or property of *Osborn*, but could find neither, and made demand of *Collins*, (the bail,) who neglected and refused to produce the same, and said sheriff *Landon* continued to search from day to day therefor until the 20th of *December*, 1807; when he endorsed his return of *non est inventus* upon the execution; but still retained it in his hands, *until the first of January*, 1808, and still continued to search for him and his property; and on that day, returned the execution to the office of the clerk in *Fairfield*, a distance of fifty miles. And from the date of the execution until the fifth of *January*, 1808, *Osborn* was not in the state, and had no property therein.

To the replication there was a demurrer; and the superior court adjudged the replication sufficient.

*Gould* and *J. L. Smith*, for the plaintiffs in error. By our statute,(*a*) bail for appearance is not to be subjected until after a return of *non est inventus*. The intent of the statute, and the construction given to it, shows that this by the officer must be done reasonably, and not in a manner calculated unfairly and unnecessarily

(*a*) *Stat. Conn.* tit. 16. c. 1. s. 3.

to subject the bail. To prevent this, there must be a rule as to the time of return. And that rule must be such as will give the bail all the time for the surrender of the principal, which will be consistent with the safety of the officer. The sheriff should have a reasonable time to return his execution, and no more. And unless this rule is adopted, he may return the execution the very day it is issued. But he never ought to be permitted to return an execution until his duty, or his safety requires it; neither of which required him to return this execution eighteen days before it was out. A single demand of the bail is no more sufficient than keeping the execution a single day: if it were, the officer might make immediate demand, and then immediate return of his execution. But the officer must make search until it is his duty to make return; and when he is no longer bound to make search, he may return the execution.

It is said, the bail must be prejudiced, or he cannot take advantage of an early return. But the bail is surely prejudiced, if the principal was in a situation in which he might have been taken, and the officer has not taken him. Such are the facts in the present case. The principal has been publicly about, for thirteen days, within the knowledge of the officer, actually calling upon him for the purpose of surrendering himself; and yet not arrested. The party could have had all he was entitled to, viz. the body of the principal, within sixty days after judgment, and the officer might have made the arrest, unless precluded by an act of his own, which ought not to prejudice the bail. Therefore, there has been no avoidance. It is said, that the principal should have been surrendered; but after the officer had made his return, a surrender could have been of no avail. The sheriff was, as to this, *functus officio*, and could do nothing more. In *Fitch* v. *Loveland, Kirby*, 380. it did not appear that the principal was in such a situation that he could be taken; and the rule laid down,

June, 1809.

COLLINS
v.
COOK.

that it is as much the duty of the bail to surrender the principal, as of the officer to arrest him, is applicable only to the case of resistance by the principal; and means, that it is as much the duty of the bail to overcome such resistance, as it is of the sheriff.

*Benedict* and *Beers*, for the defendant in error. The return of *non est inventus* has been regularly and fairly made by the officer. It appears, that the officer made demand of the bail for the principal, who refused to surrender him, without assigning any reason, or making any request of the sheriff to delay the return, or promising to surrender him at any future time. The sheriff, therefore, had no reason to expect that the bail wished to surrender him; and might, with propriety, have returned the execution immediately. But in this case, the sheriff has held the execution a reasonable time after this demand to enable the bail to make a surrender; and if, after a return thus made, the sheriff was compellable to accept a surrender, the bail would have it in his power, by his own conduct, to entrap the sheriff. The sheriff having given the bail a fair opportunity to deliver the principal, was not bound to do more, even if he had not returned the execution. In strictness, the bond is forfeited by the neglect of the principal to appear at court; but the statute, out of tenderness to the bail, has also required that there should be a return of *non est inventus* on the execution. But the bail can have no reason to complain, after the principal has neglected to appear at court according to the tenor of the bond; after a search for the principal, and a demand of the bail; and after a return of *non est inventus* has been regularly made.

It does not appear that the bail was *injured* by the return of the execution; it does not appear that the debtor, or his bail, *knew* of the return of the execution; and yet there was no surrender of the principal to the sheriff, nor was he in a situation to be taken by the

sheriff. He might have been publicly abroad when the officer was absent, and out of the way when the officer was at home; and it might have been absolutely out of the officer's power to have arrested him, after his return to *Litchfield:* and, consequently, the return might have been fairly made, had the execution remained with the officer until the last day. In the case of *Fitch* v. *Loveland, Kirby,* 380. the bail was subjected, although the principal was in sight of the sheriff, and although a resolute officer might have taken him; for it is the duty of the bail to surrender the principal, as much as it is the duty of the officer to arrest him.

June, 1809.

COLLINS
v.
COOK.

BY THE COURT. The question in this case is, whether the sheriff was justified in returning the execution to *Fairfield,* after having held it more than forty days, so as to subject the bail on his bond. By the terms of the contract entered into by the bail, he became liable, if he did not deliver up *Osborn* in court, at the time of the judgment rendered against him. By the statute, however, the right of the bail to deliver his principal exists after the time of the judgment, until a return of *non est inventus* is made. When this is done, the bail becomes liable, unless he can show that it was unfairly made.

The inquiry is not whether after the return there was not so much time that the officer might have safely holden the execution longer, and then have had time to return it: but the inquiry is, has the principal avoided, and has the bail had a reasonable time to have surrendered up the principal, before the return of the execution? In this case, the principal avoided, and lived in the town of *Boston;* and the bail having had forty days to surrender the principal, this, in the opinion of the court, is a sufficient length of time, and the return was fairly made.

Judgment affirmed.