New-Haven,
July,
1820.

July 14.

EDWARDS *against* GUNN.

Bail in a civil action, will not be subjected, without due diligence in the officer having the execution, to take the principal.

The return of an execution *non est inventus,* fairly made, before the expiration of the time reasonably allowed for its return, is but *prima facie* evidence, of an avoidance ; and if the principal be in fact rendered to the officer, withiu such reasonable time, though after return made, the bail will be exonerated.

What is a reasonable time for the return of an execution, is exclusively a question of *fact,* dependent for its solution, on all the circumstances of the case.

THIS was an action on a bail-bond, conditioned for the appearance of one *Isaac Gunn,* in a civil action.

The cause was tried at *New-Haven, August* term, 1819, before *Chapman,* J.

After judgment against the principal, an execution, issued thereon, was put into the hands of *Ebenezer Fowler,* a deputy of the sheriff of *New-Haven* county, which would expire on the 29th *June,* 1818. On the 19th of that month, *Fowler* made search for the body of the principal, and was informed, that he lived in the state of *New-York,* and that the defendant, his bail, had sent for him, with a view to surrender him on the execution. On the same day, *Fowler* made his indorsement of *non est inventus* on the execution ; and on the 22d, he returned it into the clerk's office ; which was within eighty rods of his place of residence. The defendant, in fact, sent into the state of *New-York,* and brought the principal into this state, and tendered his body to *Fowler,* at the gaol in *New-Haven,* on the 27th. He also went with the principal to the office of *S. P. Staples,* Esq. attorney for the creditor, with a view to surrender the principal to him ; but he was absent. The defendant claimed, that the execution was returned before the return day, for the fraudulent purpose of subjecting him on his bail-bond ; and contended, that upon the facts proved he was not liable.

The judge instructed the jury, " that fifty-three days from the date of the execution was a reasonable length of time for the defendant to have surrendered the body of the principal. If, then, you find that the defendant had fifty-three days from the date of the execution to surrender the body of the principal ; and neither the plaintiff nor the officer were guilty of any fraud, in causing the execution to be returned before it had run out ; you will give a verdict for the plaintiff. But if you

find, that either the plaintiff or the officer, with a fraudulent in-
tent to onerate the bail, caused the execution to be returned,
at the end of fifty-three days from the date thereof, your ver-
dict will be in favour of the defendant."

The jury having returned a verdict for the plaintiff, the de-
fendant moved for a new trial, on the ground of a misdirection ;
and the judge reserved the motion.

*Daggett* and *N. Smith*, in support of the motion, after admit-
ting, that the officer is bound to have a reasonable time to re-
turn the execution before it is out; and that if he returns it, at
any time during its life, it is *prima facie* evidence of avoid-
ance, throwing upon the bail the burden of shewing, that he is
injured by such return ; contended,

1. That under the circumstances of this case, the officer
ought to have retained the execution longer than he did, and
then he would have had a reasonable time to return it. It is
not true in point of fact, and clearly cannot be laid down as
matter of law, that a reasonable time for the return of an exe-
cution, a distance of less than eighty rods, comprised a period
of seven days.

2. That the bail in this case has been injured, by the pre-
mature return of the execution, because the principal was in
fact surrendered, to be taken on it, two days before it was out,
leaving still to the officer abundant time for the discharge of
his duty.

They remarked, that the principles uniformly adopted by
our courts, previous to the case of *Collins* & al. v. *Cook*, 4 *Day*
1. are opposed to the claim of the plaintiff in this case. In
*Fitch* v. *Loveland*, *Kirb*. 380. 384. the court said, " when it
appears, that there have not been reasonable *endeavours*, on
the part of the creditor or officer, to levy the execution on the
estate or person of the debtor, or he render himself to the of-
ficer, to be taken by the execution, at any time *before the re-
turn-day*, the bail ought to be exonerated." *Collins* & al. v.
*Cook*, on the contrary assumes, that it is the duty of the bail to
surrender the principal, at all events, without regard to any
negligence or misconduct of the officer not amounting to actu-
al fraud. A single decision, with which the profession have
never been satisfied, opposed to principles and former decis-
ions, cannot be binding on this Court. That case, however, is

*New-Haven,*
*July,*
*1820.*

Edwards
*a*
Gunn.

distinguishable from this, in several particulars : first, the officer lived fifty miles from the clerk's office ; secondly, the bail did not offer the body of the principal to the officer ; thirdly, it did not appear, that the officer could have taken the principal, if he had held the execution longer.

*Staples*, contra, insisted, That if the officer, fairly, and without any fraud in him or the creditor, at the expiration of fifty-three days from the date of the execution, return it *non est inventus*, the bail is liable.   He cited *Stat. tit.* 16. *c.* 1. *s.* 3. 2 *Swift's Syst.* 174, 5.   *Fitch* v. *Loveland, Kirb.* 380.   *Stevens* v. *Bigelow*, 12 *Mass. Rep.* 434.   *Collins* & al. v. *Cook*, 4 *Day* 1.   1 *Bac. Abr.* 342. (*Gwil.* ed.)

HOSMER, Ch. J.   The obligation of bail, arises from contract and the law conjointly, which extends his privilege beyond the express condition of the bond.   The statute subjects him, in case of the principal's avoidance, and a return of *non est inventus* on the execution.   This event does not take place, on the omission to surrender the principal in court, nor until, after the exercise of due diligence, the execution is legally returned.   It is unquestionably the officer's duty to exert himself faithfully and dilligently for the apprehension of the debtor.   If, after the lapse of a reasonable period, he returns the execution with an indorsement of *non est inventus*, this, although liable to be falsified, is *prima facie* evidence of the debtor's avoidance.   A return, made without the exercise of due diligence, to subject the bail, is fraudulent and void.   So, if the return is made fairly, before the time limited in the execution, it is at the risk of the officer.   The principle on this subject is correctly stated in *Fitch* v. *Loveland, Kirby*, 484. " If the execution had been returned before the return-day, the defendant could not take advantage of it, unless he shews that he was prejudiced by it."   " If the bail render the body of the debtor, or he render himself to the officer, to be taken by the execution, at any time before the return-day, the bail ought to be exonerated."   It can never be said truly, that due diligence has been exerted, by the officer, or that the intent of the law in granting the execution, has been fulfilled, when, to the damage of the bail, the execution has been returned, before the latest period which the time limited allows.

The case of *Collins* & al. v. *Cook*, 4 *Day*, 1. does not at all contravene these principles.   It does not appear from the plea, either expressly, or by necessary inference, that any damage arose to the bail, by the early return of the execution. And although it was said by the court, that the bail having had forty days to surrender the principal, before the return of the execution, this was a sufficient length of time ; the expression must be construed with respect to the subject matter.   The meaning undoubtedly intended to be communicated, was merely this ; that the return after forty days, when the bail receives no damage from it, is legal.   I am the more confirmed in this construction, when I reflect that *reasonable time* is not predicable of any period, without reference to extrinsic facts: The *law* pronounces nothing on this subject.   It is a question of *fact* for the jury exclusively, and dependent for its solution on all the circumstances of the case.   From these principles it results, that the tender of the debtor's body before the return-day, exonerated the bail.   It is no argument for the plaintiff, that the officer, prematurely, and in disqualification of himself from performing his official duty, returned the execution.

The question of fraudulent return, besides, has not been duly tried.   The point was put to the jury, encumbered with this incorrect principle " that fifty-three days from the date of the execution, was a reasonable time within which to have surrendered the body of the debtor."   This forestalled the inquiry of the jury, on the matter submitted to them.   If the return of the execution was *at* a reasonable time, the act was lawful, and it would be incongruous to consider it the subject of complaint.   Had the court subjoined the proper qualification, that if no disadvantage accrued to the bail from the early return, the act was legal, the verdict must have been for the defendant.

PETERS, BRAINARD, and BRISTOL, Js., were of the same opinion.

CHAPMAN, J., said, that he considered himself bound by the decision in *Collins* & al. v. *Cook*, which he could not distinguish in principle from this case.   Aside from that decision, he should have concurred in the opinion given by the Chief Justice.

New trial to be granted.