## *S. H. HILL v. JOHN KLING. [135

On a *scire facias* to subject debtor's lands to execution on judgment before a justice, it is not necessary that the sheriff should retain the execution from the justice thirty days. Nor is it necessary to take a rule for plea; judgment awarding execution may be entered at the return term of the writ.

THIS was a writ of error to the court of common pleas of Richland county, adjourned here for decision from that county. The case was this:

On October 10, 1828, J. Kling recovered a judgment against S. H. Hill, before Justice Gardner, in Richland county, for eighty dollars and fifty-four cents and costs. Upon this judgment execution issued on the 11th of October, which was returned on the 16th of the same month, that there was no goods whereon to levy; but it is suggested that the defendant was possessed of lands and tenements within this county.

Upon this suggestion, on the same October 16, 1828, a *scire facias* was issued from the court of common pleas, at the suit of Kling against Hill, to appear and show cause, on the 20th instant, why execution should not issue on the judgment against his lands. The sheriff returned the *scire facias* duly executed on the 18th of October,

123

Hill *v.* Kling.

and at the October term of the same year, judgment by default was rendered, that execution issue to take the lands of Hill. To reverse this judgment the writ of error was brought.

The errors assigned, were:

1. That on the judgment before the justice, execution issued on the 11th of October, returnable the 16th of the same month, which was a void execution, and laid no foundation for the *scire facias.*

2. The second error assigned involved the same proposition in different terms.

3. It was assigned for error that no suggestion was made on the transcript of the justice, that the defendant held lands.

4. It was error in the common pleas to render judgment on default, at the return term of the *scire facias.*

5. That judgment was rendered, without either rule or order on the defendant to plead.

6. The writ of *scire facias* was insufficient.

**136]**   *PARISH & BOATT, for plaintiff in error.

J. M. MAY, for defendant in error.

By the COURT:

The plaintiff in error insists: 1. That the constable's return, having been made a short time after the execution came into his hands, is void.

2. That the court below erred in rendering a judgment at the term to which the *scire facias* was returnable.

5. That it was error to render judgment without rule or plea.

The third and fourth errors appear to have no foundation in fact; the record containing, with sufficient certainty, the suggestion that the judgment debtor was possessed of lands and tenements.

1. This question depends upon different principles from that which might arise between the party supposed to be injured by the return and the officer.

What might be the result of an action prosecuted against the constable, by the plaintiff in error, would depend on facts and circumstances which can not be collaterally determined between the present parties to the record. The statute does not fix any day upon which constables shall make return of executions di-

rected to them. Executions are to be returned *within* thirty days. The proceedings of a constable, unless the statute otherwise provides, are strictly analogous to those of a sheriff, and his legal responsibilities are the same. A sheriff's return is parcel of the record, and in an action of debt upon it, *nil debet* is no plea. 2 Saund. 344, n. 2. The sheriff can not be permitted, either in pleading or by evidence, to falsify his return. 6 Mass. 325; 7 Mass. 388. A *scire facias* lies to a sheriff's return; it is, therefore, a part of the record. Croke Jas. 514. When the sheriff returns he has recovered a certain sum of money made by execution, this shall charge him, although none was actually recovered. 8 Johns. 16.

These authorities show that as between parties and privies, and the officer, except where the latter is charged upon its falsity, the return is matter of record, and therefore conclusive. *The [137 return is at the peril of the officer. If true, it is his protection; if false, he alone is responsible. If a return upon execution can be impeached, or falsified by the parties to the judgment, purchasers at sheriff's sales, whether of personal or real estate, would be without protection. It would be hard, indeed, if it was at the peril of the purchaser whether the return of the officer was true or false, especially where he must be absolutely ignorant of the fact. The point was decided in 4 Day, 1, in a case where bail was fixed, by the sheriff's return, before the return day of the execution.

2. The statute settles this point. The clerk shall issue a *scire facias* against such person to appear at the next term of the court of common pleas, and show cause why execution should not issue, and in case such person neglects to attend, or does not show cause to the court why execution should not issue, the court shall issue execution against the lands and tenements of such person, in the same manner as though judgment had been obtained in said court. The provisions of the statute clearly do not grant an imparlance to a term subsequent to the return of the *scire facias*.

Lastly, the rules of the common pleas are not exhibited, so that it can not be ascertained whether they extend to a case like this. It is no doubt competent for that court to establish rules of pleading upon *scire facias*, issued upon justices' transcripts; but such rules could not extend beyond the return term. The statute makes this a summary proceeding, in order, no doubt, to fix a lien upon

the defendant's lands, and prevent frauds upon the judgment creditor, by alienation.

In courts of record, this lien is created from the rendition of the judgment. Justice and sound policy require the same course when judgments are rendered before justices of the peace. But as these proceedings are less notorious, and the business of transferring lands too complicated for inferior jurisdictions, the legislature intended to afford the most prompt and efficacious remedy in the courts of record.

This summary proceeding, expedited by the rules of court, as far as the law will warrant, can seldom operate injuriously or oppressively upon the debtor; but delay to the creditor might let in a paramount lien, where there was no superior equity, or justice.

Judgment affirmed.