HART *vs.* STEVENSON.

In an action against an officer for an escape on mesne process, the admissions
    of the defendant in the original suit, may be proved, to show a cause of
    action in such suit.
And it is not necessary that such admissions should have been made before the
    escape.
And the judgment obtained against him in the original suit, although by de-
    fault, is admissible in evidence for the same purpose.
In such action for an escape, it is not necessary that demand should have been
    made upon the defendant for the body of the debtor, on the execution issued
    in the original suit.
Nor that the defendant should have had notice that the execution was in the
    hands of an officer for service.
Nor that the officer serving such execution, should have retained the same during
    its life, to give the defendant a better opportunity to render the body of the
    debtor; the only rule being, that he should conduct fairly and use due dili-
    gence to arrest the debtor, and return the execution in a reasonable time;
    and the question whether he has done so being wholly one of fact for the
    jury
And where the defendant has not tendered the body of the debtor within the
    life of the execution, he is not in a situation to complain that it was prema-
    turely returned.
·It appearing in such action, that the writ on which the arrest was made, and
    which was returnable to a city court, the jurisdiction of which was limited
    to cases where the cause of action arose within the city, contained no aver-
    ment of the facts necessary to give such jurisdiction, except the following, at
    the close of the writ, " and the cause of action arose in the limits of said city
    since the incorporation thereof," and the defendant claiming that by reason

thereof the writ was void in his hands,—it was held, that although the statement was so informal that it would not have been sustained on special demurrer, yet it was rather a defective allegation than an entire omission of a necessary allegation, and therefore good on general demurrer, and consequently was sufficient to show jurisdiction.

ACTION on the case for the escape of one Ruperts from the custody of the defendant, a constable of the town of Bridgeport, who had attached his body on mesne process. The case was tried to the jury on the general issue, with notice, before the superior court in Fairfield county, December term, 1856.

The writ on which the body of Ruperts had been attached, was in an action of trover, brought to the city court of the city of Bridgeport, to recover for an iron planer belonging to the plaintiff. The declaration contained no averment that the conversion of the property by the defendant therein, occurred within the limits of the city, except the following, at the close of the writ: " and the said cause of action arose in the limits of said city since the incorporation thereof." The jurisdiction of the city court is limited by law to cases where the cause of action arises within the city. The plaintiff recovered judgment in this suit against Ruperts by default. The defendant had made return on the writ, that he had attached the body of Ruperts, and that he had afterward escaped from his custody.

The plaintiff, on the trial, for the purpose of proving a conversion of the property by Ruperts, testified that after his arrest and before the session of the court to which the writ was returnable, he admitted to him that he had taken away the planer. To this evidence the defendant objected, on the ground that Ruperts was not a party to the present suit, and that the defendant ought not to be bound by any admission made by him at that time; but the court admitted the evidence.

The plaintiff also offered the record of the judgment recovered against Ruperts in the suit, for the purpose of showing that he had, at the time the writ of attachment was issued, a cause of action against him. To the admission of this

evidence for that purpose, the defendant objected, on the ground that Ruperts was not a party to this suit, and that the judgment was recovered after the escape; but the court admitted the record in evidence, subject to objections to be heard on the argument; and the question as to the admissibility and weight of the evidence having been discussed by the counsel, the court instructed the jury that they might take into consideration the fact that Ruperts had suffered judgment by default, and the circumstances under which he had done it, in connection with the other proof in the case, on the question whether the plaintiff had a cause of action against him, in the suit on which he was arrested.

The plaintiff, also, for the purpose of showing a cause of action against the defendant, offered in evidence the writ of attachment against Ruperts, and the return of the defendant thereon. To this evidence the defendant objected, on the ground that the city court was a court of limited and inferior jurisdiction, and that it did not appear by the writ that it had jurisdiction of the cause of action therein set forth, and that the writ was therefore null and void; but the court admitted the evidence.

The plaintiff, for the purpose of proving that he had exercised due diligence in endeavoring to obtain satisfaction of his judgment and to arrest the body of Ruperts, offered in evidence the execution issued on the judgment, dated September 5th, 1853, with the endorsement of the sheriff thereon, dated September 24th, 1853, that he had made diligent search, but could not find any goods or estate of the defendant therein, on which to levy, and could not find the body of the debtor, and therefore returned the execution wholly unsatisfied; with the endorsement of the clerk of the city court thereon, dated the 27th day of September, 1853, that the execution was returned to his office, accompanied with evidence that it was placed in the hands of the sheriff within a day or two after its date. The plaintiff further offered evidence, which was not contradicted, that Ruperts, after his escape, had left the state and taken his family with him, and had not

returned until more than a year after the issuing of the execution.

The defendant being examined as a witness, testified, that he did not know that the execution was in the hands of the sheriff, but did know that judgment had been rendered against Ruperts, and that execution had issued on it. It was admitted that the defendant resided in Bridgeport during the life of the execution, and it was not claimed that any demand was made on him on the execution, and there was contradictory testimony on the point whether the defendant knew that the execution was in the hands of the sheriff.

The defendant thereupon prayed the court to instruct the jury that inasmuch as it appeared from the plaintiff's own showing that the sheriff made no effort to arrest the body of Ruperts, except what appears by his endorsement to have been done on the 24th of September, 1853, and that he returned said execution to the clerk of said city court with his endorsement thereon three days after, and more than thirty-eight days before the execution would expire, such conduct on the part of the sheriff was inexcusable, and fraudulent toward the defendant, and deprived him of the opportunity of rendering the body of Ruperts, and that the plaintiff, for that reason, was not entitled to recover: also, that if they should find that a demand was not made on the defendant to render the body of Ruperts, and that he had no knowledge that the execution was in the sheriff's hands for service until after the commencement of this suit, the plaintiff was not entitled to recover.

The court charged the jury, that to entitle the plaintiff to recover, it was not sufficient to prove that Ruperts had escaped from the defendant's custody by his negligence; but he must also show a cause of action against Ruperts, and that he had obtained judgment and execution; that he had taken out execution within a reasonable time after judgment, and that due diligence had been used to find the body of Ruperts within the sixty days after judgment, and in causing the execution to be regularly returned with *non est inventus;* but that the law did not require that the demand should be

Hart *v.* Stevenson.

made with the execution upon the defendant; that it was sufficient if the plaintiff had conducted fairly, and had used reasonable diligence to obtain satisfaction of the execution, and to find the body of Ruperts during the period of sixty days after judgment; that the want of demand on the defendant, and the early return of the execution, might be taken into consideration by the jury, in deciding that question; that they might also look at all the circumstances of the case, the facts connected with the escape and absence of Ruperts, and the probabilities of his being found in the state.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial for error in the admission of evidence and in the charge to the jury.

*Sturges* and *Beardsley*, in support of the motion.

1. The acknowledgment of Ruperts that he had converted the property, made after the arrest, was inadmissible. It was hearsay testimony, and there was no privity between him and the defendant, and no identity of interest, one of which is indispensable to make the declaration admissible. *Beauchamp* v. *Parry*, 1 B. & Ad., 89. (20 E. C. L., 351.) *Phillips* v. *Cole*, 10 Ad. & E., 106. (37 E. C. L., 62.) *Geere* v. *Burkensham*, 2 Levinz., 85. *Trelauney* v. *Colman*, 2 Stark, 191. (3 E. C. L., 308.) 2 Stark. Ev., 740. *Briscoe* v. *Stevens*, 2 Bing., 213. (9 E. C. L., 387.) *Rogers* v. *Jones*, 7 B. & C., 86. *Patterson* v. *Westervelt*, 17 Wend., 543. 2 Phil. Ev., (C. & H.,) 561. The same objection lies to the judgment. If a judgment by default is an admission of a cause of action, it ought not to affect the present defendant, because made after the escape.

2. The original writ was void in the hands of the defendant, as it did not show that the city court had jurisdiction of the cause of action therein. *Turner* v. *Roby*, 3 Comst., 193. *Sackett* v. *Andross*, 5 Hill, 327. *Hill* v. *Stocking*, 6 ib., 314. *People* v. *Kuber*, 7 ib., 38. *Harris* v. *Wells*, 29 E. L. & E., 280. *Hernaman* v. *Smith*, ib., 426. *Trevor* v. *Wall*, 1 T. R., 151. *Briscoe* v. *Stevens*, 2 Bing., 213.

*Wooster* v. *Parsons*, Kirby, 27. *Winford* v. *Powell*, 2 Ld Raym., 1310. The general allegation that the cause of action arose within the city, is not enough. The jurisdiction of the court must appear by such an averment of facts as shows it, from which the court as a matter of law can infer it, and not by such an allegation. *Douglas* v. *Forest*, 4 Bing., 686. (15 E. C. L., 113, 120.) *Frary* v. *Dakin*, 7 Johns., 75. *Wyman* v. *Mitchell*, 1 Cowen, 316. *Brown* v. *Keene*, 8 Pet., 115. *Bingham* v. *Cabot*, 3 Dallas, 382. *Sullivan* v. *Fulton Steamboat Co.*, 6 Wheat., 450. Gould's Pl., ch. 3., sec. 28. *Cane* v. *Chapman*, 5 Ad. & E., 647. (31 E. C. L., 404.) *Seymour* v. *Maddox*, 5 E. L. & E., 265. *Newman* v. *Hierdrick*, 8 Ad. & E., 124. (35 E. C. L., 349.) *Brown* v. *Mallett*, 5 M. G. & S., 615. (57 E. C. L., 615.) *Priestly* v. *Fowler*, 3 M. & W., 1. It is not enough that the averment is in the words of the charter. *Fletcher* v. *Calthrop*, 6 A. & E., N. S., 880. (51 E. C. L., 880.) *People* v. *Buncher*, 1 Seld., 106. *Trevor* v. *Wall*, 1 T. R., 151. *Peacock* v. *Bell*, 1 Saund., 74.

3. The defendant was not liable for an escape, until such a default as would subject bail, for he is to be regarded as bail. 1 Sw. Dig., 543. Bail has the right to surrender the principal during the life of the execution, and a return of the execution before the return day deprives him of that right and discharges him from liability. *Moore* v. *Bowmaker*, 6 Taunt., 379. *Adams* v. *Cummisky*, 4 Cush., 422. *Niles* v. *Field*, 2 Met., 327. *Rowland* v. *Seymour*, 2 Met., 590. *Sage* v. *Proctor*, 7 B. & C., 800. (14 E. C. L., 133.) *Champion* v. *Noyes*, 2 Mass., 484. *Bean* v. *Parker*, 17 Mass., 591, 604. *Hamilton* v. *Dunklee*, 1 N. Hamp., 172.

*Loomis* and *Warner*, contra.

1. The declaration of Ruperts was properly admitted for the purpose of proving a cause of action against him in the suit on which he was arrested. 2 Greenl. Ev., secs. 589, 584, 171. *Beal* v. *Ledlow*, 14 Ala., 523. *Campbell* v. *Day*, 16 Verm., 558. *Marsh* v. *Gold*, 2 Pick., 285. *Sanborn* v.

*Neilson*, 4 N. Hamp., 501. 1 Sw. Dig., 543, 761. *Hartford Bridge Co.* v. *Granger*, 4 Conn., 142, 148.

2. The record of the judgment recovered against Ruperts, by default in the suit, was properly admitted, for the same purpose. 1st. It was conclusive evidence as to the existence of such cause of action, both as against Ruperts and the defendant. 1 Sw. Dig., 543, 752. 2 Greenl. Ev., secs. 584, 589. 2d. The fact that Ruperts had suffered judgment by default, and the circumstances under which he had done it, in connection with the other proof in the case, was proper evidence to go to the jury, as at least conducing to show the existence of such cause of action. *Belden* v. *Lamb*, 17 Conn., 441, 450. 2 Greenl. Ev., secs. 196, 197, 527.

3. The claim that the writ on which the arrest was made, was void, as not showing jurisdiction in the city court, is not well founded. 1st. The general averment that "the said cause of action arose in the limits of said city," is in conformity with, and nearly in the language of, the charter of the city, prescribing the jurisdiction of the city court in civil causes. Charter of Bridgeport, sec. 10. 2d. This mode of averment is common, and is allowable under the rule that a general allegation may be used to avoid prolixity. 1 Sw. Dig., 606. 3d. It is equivalent to an allegation that the conversion took place within the city, which would clearly have been sufficient under whatever strictness of pleading. *Strong* v. *Avery*, 1 Root, 259. *Griswold* v. *Mather*, 5 Conn., 436. 4th. The writ was not null and void, because clearly amendable. Rev. Stat., tit. i., sec. 103. *Michaelson* v. *Denison*, 3 Day, 294. The informality was ground only for a special demurrer, and is cured by the judgment by default. Gould's Plead., chap. 9, sec. 15. 1 Sw. Dig., 778. 6th. It is now too late for the defendant to avail himself of the informality. *Greathouse* v. *Dunlap*, 3 McLean, 303. *Rosenburg* v. *McKain*, 3 Pick., 145.

4. The charge of the court, in respect to the taking out, service and return of the execution, can not justly be objected to by the defendant. 1st. The rights of the defendant are certainly not greater than those of bail in relation to his

principal, though in some respects, perhaps, analogous. 3 Bl. Com., 415. 1 Sw. Dig., 543. *Brown* v. *Lord,* Kirby, 211. Rev. Stat., tit. 1., sec. 42. 2d. In the case of bail, it is not necessary in all cases that the execution should have issued on the day of the rendition of the judgment, nor that it should remain in the hands of the officer, for the full period of sixty days, to justify a return of *non est inventus.* This is well settled in this state by a course of decisions. *Fitch* v. *Loveland,* Kirby, 380, 384. *Collins* v. *Cook,* 4 Day, 1. *Edwards* v. *Gunn,* 3 Conn., 316. *Beebe* v. *Gardner,* 11 Conn., 104, 109. 3d. Neither is a demand of the bail for the body of the principal, necessary to be made on the execution to show an avoidance. The officer's return is *prima facie* evidence of that fact. *Edwards* v. *Gunn,* supra. 4th. The defendant, to avail himself of this objection, should have shown that he was prejudiced by the want of such demand. This he did not attempt to do. On the contrary, it appears that from the time of the escape till more than a year after the rendition of the judgment, Ruperts was absent from the state, and beyond the reach of the execution.

STORRS, C. J. It is well settled, as a general rule, that in an action against an officer for an escape on mesne process, in which it is held to be necessary to prove the cause of action against the defendant in the original suit, the admissions of the latter are admissible to prove such cause of action. *Kempland* v. *Macauley,* Peake's Ca., 65. S. C., 4 T. R., 436. *Sloman* v. *Herne,* 2 Esp. R., 695. *Williams* v. *Bridges,* 2 Stark., 42. This is not denied by the defendant; but he insists that the rule should be qualified so as to embrace only such admissions as were made before the arrest, or, at least, before the escape of the original debtor. We do not accede to this claim. The reason on which such testimony is received, has no reference to the particular time when the admissions were made, but embraces all admissions which would be evidence against the debtor if the question was one between him and the plaintiff, and there-

fore applies to those made at any time. In the cases reported where such testimony has been considered, with the exception of *Rogers* v. *Jones*, 7 Barn. & Cres., 86, in which the declarations of the debtor after the arrest and before the escape were received, it does not appear at what time the admissions were made; but the general rule laid down by the eminent judges in those cases, and under which they were held to be admissible, excludes any qualification depending on that circumstance. The decision in those cases was placed on the broadest ground. In *Sloman* v. *Herne*, which was an action for an escape, Lord Kenyon says : " Whatever evidence would be sufficient to charge the original defendants, would do to charge a sheriff in such an action as the present;" and in *Williams* v. *Bridges et al.*, which was a similar action, Abbott, J., said, in nearly the same terms, that he understood the rule to be, that an admission which would be evidence against the defendant in the original suit, would also be evidence against the sheriff. This is the rule as understood by Mr. Starkie and Mr. Greenleaf, who apply it unrestrictedly to admissions like those we are considering, irrespective of the time when they were made. Judge Swift recognizes the same rule. 2 Stark. Ev., 48. 3 ib., 1343. 1 Greenl. Ev., sec. 181. 2 ib., secs. 196, 527, 589 1 Sw. Dig., 543. 2 Phill. Ev., (Cow. & Hill,) 561.

The uniform practice here has been to admit such evidence in an action for an escape, for the purpose of proving the indebtedness of the original defendant, to the same extent as if the suit were against him; and we are not satisfied with the reasons which have been urged for qualifying the rule as it has hitherto been understood and acted on, which is plain, intelligible, and in our opinion just, so as to make the admissibility of such evidence to depend on the time of the declarations or acts of the debtor; although that circumstance may be proper to be considered, in determining the weight to which they are entitled. The declarations of Ruperts, and the record of the judgment against him, which

constituted admissions of an indebtedness to the plaintiff were therefore properly received.

The defendant next claims that the original writ against Ruperts, in his hands, was void, because it did not show that the city court had jurisdiction of the cause of action. If that process was void, it would constitute a defence in this suit; if, however, it was only erroneous, the defendant could take no advantage of it. 1 Sw. Dig., 543, and cases cited.

The only averment on this subject is the one in the conclusion of the declaration, that "the said cause of action arose in the limits of said city since its incorporation." It is insisted that it is not sufficient that it may be inferred, from this allegation, that all of the facts constituting the cause of action took place within the limits of the city, but that it should appear, by express averment, that such was the case. Although the technical rules of pleading would require the mode of averment suggested by the defendant, and the statement in this case was so loose and inartificial that it would not have been sustained on a special demurrer, we are of the opinion that it substantially imports what the defendant claims should have been alleged in terms; that it is a defective statement only, rather than the entire omission of a material fact, and would therefore be good on general demurrer; and hence that it is sufficient to show jurisdiction. The averment that the cause of action arose in the limits of the city, is only a very informal and comprehensive statement of the fact that all of the facts constituting such cause of action, took place there. That fact could not be true if they occurred elsewhere. We can not, moreover, doubt that this averment was amendable, and that conclusively shows that the writ was at most erroneous, and not void.

We do not think that the defendant has any just ground of exception to the charge given in this case. Without inquiring whether, in an action against an officer for an escape on mesne process, he is entitled to the same indulgence, in regard to the course required of the officer having

the original execution, as the law extends to bail, the former certainly can not complain if he was placed on as favorable ground as the latter; and that was the case in the present instance. It is clear that the principles laid down in the charge as to the conduct of such officer, are those upon which it is settled that the liability of bail in an action against him would depend, and that bail would have been subjected on the facts found by the jury under that charge. *Fitch* v. *Loveland,* Kirb., 380. *Collins et al.* v. *Cook,* 4 Day, 1. *Edwards* v. *Gunn,* 3 Conn., 316.

The claims of the defendant, that a demand should have been made with the execution on the defendant, and that he should have known that the execution was in the hands of the officer, are plainly without foundation. Nor is there any ground for the claim, that upon the facts stated in the indorsement of the officer on the execution, and in the certificate of the clerk of the court of its return, the court should have instructed the jury that the conduct of the officer was fraudulent toward the defendant, and deprived the latter of an opportunity to surrender the body of Ruperts. Whether the officer conducted fairly and used due diligence to arrest Ruperts, and returned the execution within a reasonable time, were questions of fact, to be determined by the jury, and not by the court, and were properly treated as such. *Edwards* v. *Gunn,* supra.

There was, moreover, no proof or claim that the defendant had ever made, or attempted to make, any surrender of Ruperts; and no tender of him having been made, the defendant is not in a situation to complain that the execution was prematurely returned.

We do not, therefore, advise a new trial.

In this opinion the other judges, Hinman and Ellsworth, concurred.

New trial not advised.