### REED v. TOUSLEY ET AL.

The receiptsmen of property taken by execution are liable to the officer for the property, although the execution is otherways satisfied.

ERROR to reverse a judgment of the County Court, in an action brought by Reed as constable against Tousley et al. declaring, that he had an execution in favor of David Buel,

against Lewis Delavergne, for £58, dated 27th April, A. D. 1790, which he levied on eight oxen belonging to said Delavergne, and posted them, etc. that the defendants received said oxen to keep and redeliver on the 15th of June, A. D. 1790, as by their receipt in writing by them executed ready to be produced in court appears. And that the defendants never delivered said oxen, etc.

Plea in bar — That although it be true, that they did make and execute said receipt yet they say, that in September A. D. 1789, said David took out an original execution and copies of the judgment on which it issued, and sent them to Mr. Spencer in the state of New York, where said debtor lived, and that said Delavergne paid said execution to said Spencer; and that afterwards the said David prayed out an *alias* execution in April, A. D. 1790, in order to vex and oppress said Delavergne, and delivered it to the plaintiff, who finding him in his precincts, levied it on the body of the said Lewis; and to release him from said levy, the defendants gave said receipt, and that no oxen were taken or delivered upon said execution; and said original execution was fully satisfied.

Plaintiff replied — That he levied said execution on said oxen, took and delivered them to the defendants, who received them, and undertook to redeliver them on the 15th of June, A. D. 1790, as by their receipt aforesaid; and as to the residue of the defendants' plea he says it is insufficient. The defendants say their plea is sufficient.

Judgment of the County Court — That the defendants' plea was sufficient.

Errors assigned — That said court ought to have judged said plea insufficient.

Judgment — Nothing erroneous.

Reasons of the court — The facts alleged in the plea in bar are; that this execution was an *alias* execution, procured by Buel with design to vex and oppress Delavergne, and under color of legal right to extort a sum of money from him

after he had received a complete satisfaction of the judgment by virtue of an execution issued thereon, and for which the attorney to said Buel, being fully authorized, had given his receipt in full.

By virtue of an *alias* execution the plaintiff took the body of Delavergne, and he was thereby compelled to procure the defendants to give the receipt mentioned for eight oxen to obtain his release.

Whether these facts being true, are a defense for the defendant is the question; if they are such as amount to a defense the demurrer is a confession that they are true. Whether they make a defense in the present action, and take from the plaintiff a right of recovery, must depend upon authorities and the reasons given in support of the authorities, and the conclusions that may be fairly made from the cases adduced, when applied to the present cause.    8 Cooke, 141, 2, 3.

If an execution issue from a court having no jurisdiction of the cause the same is void, and whatever acts are done under authority or by virtue of such execution are a nullity.    And the party in whose favor such execution issues, or the officer who executes the same cannot justify or defend themselves (by virtue of the authority given them in such execution) in any action brought against them for taking either body or estate of the debtor to satisfy the same; but any plea resting upon such authority for justification, must be judged insufficient; the court in such case have no authority and consequently cannot give any authority to any other person.

If any execution issue upon an erroneous judgment from a court having jurisdiction of the cause, such execution is to every purpose a valid execution, so long as the judgment remains in force, and gives full and ample authority to the officer and to the party to proceed in the execution of it, to compel a satisfaction; and when either are questioned by action for anything done under authority derived therefrom, will be a defense or justification.

But as soon as the erroneous judgment is reversed for error, the party against whom the same was rendered and

against whom the execution issued, whenever such judgment and execution are plead as a defense or justification of any acts done after such reversal, can reply *nul tiel record* and such judgment is as to all such after acts, a void judgment, and such reply must be a sufficient one to such plea and destroy the defense.

If A is in execution at the suit of B, and the sheriff suffers A to escape, and after this the judgment is reversed for error, no action lies against the sheriff for the escape; for B to entitle himself to a recovery must not only declare against the sheriff upon the execution delivered him, but must also declare upon a legal existing judgment upon which the execution issued to entitle himself to a recovery, and when the sheriff pleads *nul tiel record*, the erroneous judgment being reversed is of no more consequence to the party, than if the same had been void at the first, rendering the same void as to its being a sufficient foundation for an action. If a judgment be rendered and afterwards a *scire facias* is brought and a second judgment rendered, the first judgment is after this reversed for error, the second judgment being dependent on the first shall be reversed also. 1 Sid. 306; 1 Saund. 37; 1 Levins, 191.

And whenever there are two judgments a second dependent on the first as its foundation, the first judgment being reversed the second shall be also reversed. If A take an execution and the same is levied and the goods remain in the sheriff's hands for want of buyers, this the party knowing takes out a second execution and procures the same to be levied, the party injured can maintain an action against the party procuring such execution for the vexation. And a person may maintain action on the case against another, who sues against his release, or after the money is duly paid, though it be on a single obligation. Hob. 205, 206.

If a sheriff upon a *fieri facias* issued on a judgment rendered against B, takes the goods of B into his hands, but be-

fore any sale of them B delivers to the sheriff a *supersedeas* on a writ of error, good authorities say B shall have his goods again, for by the seizure the property is not altered. 11 Roll. 591; Yelv. 47.

The authorities cited prove that the officer executing any execution issuing from any court having jurisdiction shall be protected in such execution of his office and this as well on an erroneous judgment as a legal one, and this from necessity as well as the highest reason. The sheriff ought to be compelled to execute all executions issued by lawful authority and ought not to be allowed to question whether such authority in matters of judgment mistake or not, as such officer is to execute and not to judge, and obedience in the ministerial officers to the lawful writs and precepts of the judicial is of absolute necessity. But when at first, there is no authority vested in the court by law, but the court assumes a jurisdiction never given by law, of this the sheriff must take notice, and not proceed to act under a void writ or under an authority assumed without or against law.

And if a court, having jurisdiction, gives authority to a sheriff or officer, so soon as a superior tribunal for error or other cause revokes that authority, all the subordinate ministerial officers ought to pay obedience. An execution that issues after a judgment is paid and satisfied to the party, must issue wrongfully and with the knowledge of the party to whom the same is paid, that the same is wrongfully and unjustly issued. And for this cause it is reasonable that such party should never be benefited thereby.

The party therefore who takes out an execution upon a satisfied judgment, can never have any aid of law to carry such judgment into effect, for as to him in judgment of law it has no other operation than a void judgment has, that is rendered by a court having no jurisdiction, and no assistance can reasonably be given him to obtain a satisfaction of a judgment which he acknowledges is in full; and the rule is that wherever a creditor gives a receipt that he has received in full of an execution, it is not only evidence that the judg-

ment is paid, but in judgment of law such judgment is discharged, and whether such discharge appears of record or not, doth not seem to be of any importance from the authorities. The property of the oxen in the present instance was not changed by the levy of the execution, nor was the debtor in the execution divested of the property by anything done by the officer, here was no sale at public vendue, from which there might be a necessity of quieting a purchaser at public auction, ordered by authority in the possession and property of the articles sold. But a mere taking by the officer and a delivery to the receiptsmen, by the procurement of the owner of the cattle (as the receipt and other matters evince.) The party in the former action can have no action against the officer, for anything respecting this execution, the same as to the party was void.

The sheriff or officer is not liable to any action for the taking, because the court who had jurisdiction of the cause issued this execution, though improvidently after the same was satisfied; the sheriff therefore had authority to take the goods into his possession, because so commanded by authority. But the sheriff has no greater right to retain the goods on a judgment that is satisfied than he has on a judgment reversed for error, or that was void when rendered, and though by law he may be protected for what he has done, yet he had no right to recover this property from any other person, into whose hands it came, nor can he maintain an action for the same, having no property actual or special; but the property being in judgment of law in the original debtor. And in the present case no inconvenience can happen to the officer, the debtor procured the delivery of this property to the receiptsmen, the officer did it at the desire of the debtor, he can therefore have no action.

The property is in the same situation as it would have been had it been taken by an officer on an erroneous judgment, and while the judgment was in force, but afterwards before the sale of the property, the judgment is reversed, in such case the property is never changed. It belongs to the original debtor

into whose ever hands it may have come, unless by public sale by order of law the property has been changed, and any bailee into whose hands it may have come must restore it. The officer's fees depend upon the same principles as the debt in the execution and for the reasons given cannot be recovered from the debtor in the execution; and the officer has no lien on the estate taken nor can he recover of the receiptsmen; the party who has caused him to levy an execution issued upon a satisfied judgment must pay him if he ever receives any compensation.

ADAMS and ROOT, JJ., dissented from the opinion of the court, for the following reasons, viz.  It appears that the plaintiff was a lawful officer, and had in his hands a lawful writ of execution in favor of David Buel against said Delavergne, which he was bound by law to execute; that he levied said execution on eight oxen, belonging to said Delavergne and posted them as the law directs; and that he delivered said oxen to the defendants, to keep and redeliver to him on the 15th of June A. D. 1790 and took their receipt and promise in writing for the same; the giving of the receipt is admitted by the defendants, but they say that this is an *alias* execution, and that a former execution had issued for the same debt, which had been paid to the attorney of said Buel, and by him was discharged, and this execution was taken out by said Buel to vex and oppress said Delavergne — and that no oxen were ever in fact taken by said execution, or delivered to them, etc. this last averment in the plea, being contrary to the receipt which is admitted, is inadmissible and must be laid out of the case.

The only question then is, Whether the former execution being paid and discharged, and this *alias* execution being taken out by the creditor, only for the purpose of oppression, without the knowledge or privity of the plaintiff, is a bar to the plaintiff's action.  The ground of the plaintiff's right to recover is his responsibility for the property taken, and as it was lawfully taken by him, it is immaterial to which he is responsible, whether creditor or debtor, either is equally available for the purpose of this action.

Where an officer takes property on an execution, and the debt is otherwise paid to the creditor, the officer is accountable for the property to the debtor; and in that case he has equal right to recover it from his bailee, as if the creditor had not been paid. To render the bar complete, it must appear that neither the debtor or creditor hath any demand on the plaintiff.

This judgment was afterwards reversed in the Supreme Court of Errors, in May A. D. 1792, for the following reasons, viz.