STEVENS and another *against* CURTISS :

#### IN ERROR.

*June 21.*   In *assumpsit*, by an officer, against the receipters of property, taken by the for-
mer, on an execution in favour of *A.* against *B.*, the defendants pleaded,
that an execution had been previously issued on the same judgment, and put
into the hands of another officer, for collection, to whom payment was made
of the debt, and of his fees ; that the first mentioned execution was after-
wards procured fraudulently ; that the plaintiff's fees were paid ; and the
property taken had been returned to *B.*  Held, that these facts, evincing the
plaintiff's want of interest in the subject matter of the suit, constituted a
good defence.  And the replication of the record of an *audita querela*,
brought by *B.* against *A.*, averring payment of the execution, in which *A.*
was found *not guilty*, and recovered his costs, is insufficient to repel such de-
fence ; because the defendants being neither parties nor privies to the judg-
ment, it is not, against them, admissible evidence ; and if it were, it would
not conclude them, as it may have been rendered upon grounds distinct from
the present defence.

The plaintiff declared, that he, being a constable of the
town of *Norfolk*, had in his hands, on the 26th of *March*,
1814, an execution in favour of *Erastus Ives* against *Hezekiah
Turner*, for collection ; that on the same day, he levied this
execution on certain goods, the property of *Turner*, of the val-
ue of 100 dollars, took them into his possession, and posted
them to be sold at the public sign-post at the end of twenty
days ; and that afterwards, on the same day, he delivered
them to the defendants, at their special instance and request,
who thereupon gave to the plaintiff a certain writing, by which
they acknowledged the receipt of said goods, and promised to
re-deliver them to the plaintiff, at the public sign-post in *Nor-
folk*, on the 15th of *April*, 1816, or pay all costs and damages ;
alleging a breach.

To this declaration there was a plea in bar, stating, that on
the 10th of *April*, 1806, *Ives*, having recovered a judgment
against *Turner*, took out execution thereon, and put it into the
hands of *Nathaniel Robbins*, a deputy of the sheriff of *Litchfield*
county, for collection ; that before the 5th of *December*, then
next following, and while *Robbins* held the execution in his
hands, *Turner* paid to him the full amount of it, and of his
fees ; that on the 25th of *March*, 1814, *Robbins*, for the pur-
pose of extorting money from *Turner*, returned this execution
into the clerk's office, and fraudulently represented to the
clerk, that it was in part unsatisfied, and, on such representa-

tion, procured an *alias* execution, which is the one described in the plaintiff's declaration ; that *Robbins* put this last mentioned execution into the plaintiff's hands for collection, directing him to levy it on *Turner's* property, and, in compliance with such direction, he levied it on the goods specified in the declaration ; that all those goods were, on the same day, delivered to *Turner*, who has ever since had the possession and benefit of them ; and that before the commencement of this action, *Turner* paid to the plaintiff the sum of 3 dollars, 69 cents, which the plaintiff received in full satisfaction of his fees and charges on the last mentioned execution. The plea further averred, that the plaintiff was not liable, or accountable, to *Ives*, or to any other person, for the amount of that execution, or any part of it.

The plaintiff replied, that subsequent to the date of the second execution, and of the receipt mentioned in the declaration, *viz.* on the 1st day of *April*, 1814, *Turner* brought an *audita querela* against *Ives*, giving notice also to the plaintiff and to *Robbins*, averring full payment of the execution, and of all costs, and complaining of the levy as a grievous injury ; to which *Ives* pleaded *not guilty ;* and on this issue the parties were fully heard, and the court, on such hearing, found that he was not guilty, and rendered judgment for him to recover his costs.

The pleadings were closed, by a demurrer and joinder ; on which judgment was rendered for the plaintiff. To reverse that judgment the present writ of error was brought.

*P. Miner* and *J. W. Huntington*, for the plaintiffs in error, contended, 1. That the plea was a sufficient answer to the declaration. The goods levied upon were taken on an execution against *Turner ;* and were his property. This property can be held only for these purposes : to pay the *debt* of the execution creditor ; or to pay the *costs* incident to the first execution ; or to *re-deliver it* to the creditor ; or to pay the *fees* on the last execution. The plaintiff below cannot hold the property for any one of these purposes. It is averred, that the judgment was *paid*, previous to the date of the execution. It will be admitted, that if *Ives* was plaintiff in the present action, this would be a good defence ; since the debt having been paid, he could sustain no damage. The property at-

*Litchfield,*
*June,*
1820.

Stevens
*v.*
Curtiss.

tached is like a bond to abide an award, after performance ; or a pledge to indemnify against a responsibility, which has ceased. Is not the present plaintiff in the same situation ? It may, perhaps, be objected, that the defendants below, being strangers to the judgment, are not at liberty to aver satisfaction ; that officers must be protected ; and notwithstanding the event of this suit, the plaintiff may be sued, and a recovery had against him. But the officer is the *agent* of the creditor, and holds the property for his benefit. The defendants are *bailees under him.* He is to recover damages, in consequence of his liability to the execution creditor. Now, shall he be estopped from averring against the agent of the creditor, (who is suing for his benefit) a fact, which he could have averred against the creditor himself ? Yes, it will be said, because the plaintiff may be sued, and this judgment would be no defence to him. But the criterion is not whether a groundless suit may be brought, or whether this judgment would protect the plaintiff ; but it is, whether the *fact* is so, that he is not liable. All the analogies of law support this position : The court are to determine whether he is liable ; and if he is not, he has sustained no damage. Suppose the defendants had averred, that the judgment was paid, by a receipt, under the hand of the creditor, entered on the judgment, and thus made part of the record, after execution obtained ; or that such receipt was in their hands, or the hands of the plaintiff ; or that the creditor had discharged the plaintiff from liability, in consequence of the debt's being paid ; or suppose, that the property had not been demanded within the life of the execution ; in each of these cases, it is clear that the plaintiff could not recover. The gist of this action is damage to the plaintiff, in consequence of his liability over to the creditor ; but the defendants shew a fact, which precludes the possibility of such liability. *Lyman* v. *Lyman* & al. 11 *Mass. Rep.* 230. *Knap* v. *Sprague,* 9 *Mass. Rep.* 258. Dr. *Drury's* case, 8 *Co.* 141. One person having a lien upon the goods of another for certain specific purposes, can maintain no action against a bailee, to whom he has delivered them, after that lien has been destroyed. An officer, having an execution, which has been levied on goods of the debtor, cannot, after the judgment is reversed, recover of the receipt-man, if his fees have been paid. *Phelps* v. *Landon,* 2 *Day* 370.

2. That the replication was insufficient. The record pleaded is either conclusive upon the parties to this suit, or it does not affect them. It is not conclusive, for three distinct reasons: because it is not between the same parties; because the subject matter is not the same; and because the benefit of it cannot be mutual. First, it is a general rule, that a judgment or a verdict, to be conclusive, or even evidence, must have been between the same parties, or between such as claim under the same parties. The reason is, that it would be unjust to bind any one, by a judgment, against which he had no opportunity to make defence, and from which he could not appeal. *Phill. Ev.* 222. 228. Neither of the parties to this suit was a party in the *audita querela*. It is true, that notice was given to *Curtiss* and *Robbins ;* but *that* did not make them parties ; they could not have pleaded ; no judgment could have been rendered against them. At any rate, some of the parties are not the same ; and if so, the record is inadmissible. *Ryer* v. *Atwater* & al. 4 *Day* 431. 434, 5. *Chapmans* v. *Chapman,* 1 *Munf. Rep.* 398. Neither do the parties to this suit claim under the parties in the *audita querela ;* nor are they privies in blood, in estate, or in law ; nor do they come within any established exception to the general rule. Secondly, to render a judgment admissible in a subsequent suit, it must have been upon the same subject matter, directly in issue ; and this must appear from the record. But it does not appear, that the question in this case was decided, or even considered, in the *audita querela.* There, the plea was *not guilty,* generally; and the court might have found the issue as they did, without finding that the payment claimed had not been made. *Sintzenick* v. *Lucas,* 1 *Esp. Rep.* 43. *Manny* v. *Harris,* 2 *Johns. Rep.* 24. Thirdly, it is an established rule, that no record shall be given in evidence, but such whereof the benefit may be mutual. But the defendants could not have taken the benefit of this judgment, if it had been rendered in favour of *Turner,* not only for the reasons already suggested, but because their liability might have depended on a different state of facts. *Bull. N. P.* 233. *Phill. Ev.* 231. *Swift's Ev.* 22.

*N. B. Benedict,* for the defendant in error, contended, 1. That nothing alleged in the plea could operate as a discharge of the promise made by the defendants below. This was

*Litchfield,*
*June,*
*1820.*

Stevens
*v.*
Curtiss.

clearly a valid promise, originally. The plaintiff below, by virtue of his levy upon the goods, and taking possession of them, acquired an interest in them. These goods the defendants received of the plaintiff, under a promise to restore them. This was a lawful transaction. Why should they not be held to perform their promise? It is said, the execution has been satisfied. What is that to them? Does this fact annul the obligation of their contract? The execution being regularly issued on a valid judgment, and regularly levied upon the goods in question, authorized the plaintiff to hold those goods, notwithstanding the payment. *Luddington* v. *Peck,* 2 *Conn. Rep.* 700. But the question of payment rests between *Ives* and *Turner*; and cannot be litigated between these parties. *Ives* has a right to be heard on this question; and when he calls upon the plaintiff for the amount of the execution, he may shew, that payment has *not* been made. If the plaintiff is, or may be, liable over to the creditor, his right to recover of the defendants will not be controverted. As the matters alleged in the plea, if found for the defendants, would not preclude the creditor from a recovery against the plaintiff, it follows, necessarily, that those matters constitute no defence to this action. They cannot properly be averred; and are not admitted as facts, by the pleadings.

2. That if the plea in bar was good, the replication was a sufficient answer. The allegations in the *audita querela* are as broad as those in the plea; and are found not to be true. The judgment in the *audita querela* settled the right to proceed with the execution. Of this others than parties may avail themselves, for their justification.

HOSMER, Ch. J. This is an action of *assumpsit*, brought by a constable, for the non-delivery of certain enumerated articles of property. The plaintiff had levied an execution on them in favour of *Erastus Ives* against *Hezekiah Turner*; and, having delivered them to the defendants, took their written promise to re-deliver them at the post. From the defendants' plea, it appears, that the same execution had before been issued, and put into the hands of *Robbins*, a deputy-sheriff, for collection, to whom payment was made, of the debt, and of his fees; and that *Robbins* fraudulently procured an *alias* execution, and delivered it to the plaintiff for collection; who levied it on the property received of him by the defendants. It is likewise averred, that the fees of the plaintiff were paid

to him by *Turner ;* and that the estate levied on had been returned to him.

The first question made relates to the sufficiency of the plea. It is incontrovertibly clear, that the plaintiff can have no title to the matter demanded, unless he has an interest, directly or indirectly, personally, or as being responsible to another, in the subject matter of the suit. Now, what possible interest can he have ? To him, personally, nothing is due : his fees have been paid. The execution creditor has no claim : his debt has been satisfied. *Turner*, the debtor, can have no demand on the plaintiff ; for the property has been returned to him. If he should collect the execution, he would be accountable to no person for the money ; and it is clear, in any event, the defendants alone could recover it out of his hands. The injustice of the plaintiff's proceedure is too palpable to justify, on any principle, his collection of the monye. The cases of *Lord* v. *Benton*, 2 *Root*, 335., *Hall* v. *Fitch*, 1 *Root*, 151., *Reed* v. *Tousley*, 1 *Root*, 374., and *Phelps* v. *Landon*, 2 *Day*, 370., are decisive against the plaintiff's supposed right of recovery.

It has been urged, that the facts averred by the defendants, are not legally pleadable ; and, of consequence, not admitted by the demurrer. The assertion has not been supported by the argument. In this, as in other cases, the defendants may take advantage of the plaintiff's want of title to support his suit ; and the cases already cited subvert this objection.

The replication of an *audita querela,* brought by *Turner* against *Ives,* averring payment of the execution, in which the latter was found *not guilty,* and recovered his costs, is of no avail in this case. On this point, it is decisive, that the defendants were neither parties nor privies to the judgment ; and against them it is not admissible in evidence. *Vide* the cases in *Phill. Ev.* 222. & seq., and *Sturges* v. *Beach* & al. 1 *Conn. Rep.* 507.

Were it competent testimony, it would make no difference in the result. It clearly could not operate otherwise than by estoppel. Now, an estoppel results, not from the judgment, but from the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The question is, as to the effect of a precise allegation made in pleading, on the record, and trial, and found between the parties. *Outram* v. *Morewood* & al. 3 *East*, 346. Now, on the

*Litchfield,*
*June,*
*1820.*

*Stevens*
*v.*
*Curtiss.*

*audita querela,* there was no precise allegation made in pleading, and found on the record ; no issue taken on a precise point, whereby an estoppel might be constituted. It is impossible to conjecture, on any plausible *data,* what facts were, and what were not, found by the jury. The verdict that *Ives* was *not guilty,* may have arisen from *Turner's* being unprepared to prove the judgment alleged, or the issuing of the execution, or any one material fact, which he had averred.

I am of opinion, that in the determination of the superior court there is manifest error.

`The other Judges were of the same opinion.

Judgment reversed.