BEEBE *against* GARDNER and another.

Beebe
*v.*
Gardner.

It is not a part of the contract in a bail-bond, that the debtor, whenever he is *bona fide* sought, by the officer, within the life of the execution, shall be found.

If an officer having an execution, goes once, during the life of it, to the dwelling-house of the debtor, and on to his farm, with a *bona fide* intent to arrest him, and, after making diligent search, at that time and in those places, cannot find him; the law will not from these acts infer an avoidance and justify a return of *non est inventus;* but common and ordinary diligence must be used; and whether in any case such diligence is proved, is a question of fact to be submitted to the jury.

Therefore, where the plaintiff in an action on a bail bond against the principal and bail, claimed to have proved, that the officer went to the dwelling-house of the debtor in the execution, and did not there find him; that he made search in different parts of the farm on which the debtor usually resided, but did not find him; that he made no further search for him, and on the next day, made his return of *non est inventus;* and the defendants claimed, that they had proved, that the debtor was about publicly, during the life of the execution; that he had never left the town in which he resided; had never avoided the officer; and might, at all times, have been taken on the execution; and upon these conflicting claims of the parties, the judge instructed the jury, that the only question for their consideration was, whether there had been an avoidance on the part of the debtor, and that if he might have been taken, by the officer, by the use of common and ordinary diligence, there was in law no such avoidance; it was held, that this direction was unexceptionable, the rule of law requiring such diligence being correctly stated, and the question of fact whether such diligence was used, being properly submitted to the jury.

Where the bail, while the officer was making search for the principal, promised the officer, that he would either pay the amount of the execution or surrender the principal within the life of the execution; it was held, in an action on the bail bond against both principal and surety, that such promise furnished no excuse for the want of common and ordinary diligence on the part of the officer.

THIS was an action of debt on a bail bond, executed jointly, by *Lebbeus W. Gardner*, as principal, and *Henry Gardner*, as surety, to *Thomas L. Fox*, a constable, and by him assigned to *Daniel F. Beebe*, the plaintiff.

The defendants pleaded the general issue; on which the cause was tried, at *New-London, September* term, 1834, before *Bissell*, J.

The plaintiff claimed to have proved, by the testimony of *Fox*, the officer, who had an execution against *L. W. Gardner*, dated the 14th of *June*, 1832, that on the 9th of *August*, he, *Fox*, went to the debtor's dwelling-house, and did not find

him there; and by direction of *Henry Gardner*, he made search in different parts of the farm on which the debtor usually resided, but did not find him; that *Henry Gardner* then enquired the amount of the execution, and told the officer, that he would either pay the amount, or surrender the debtor during the life of the execution; that he thereupon made no further search for the debtor, and returned the execution, with his endorsement of *non est inventus* thereon, on the 10th of *August*.

New-London, July, 1835.

Beebe *v.* Gardner,

The defendants claimed to have proved, that the debtor was about publicly, during the life of the execution; that he had never left the town, and had never avoided the officer, but that he might, at all times, have been taken on the execution.

The plaintiff claimed and prayed the judge to instruct the jury, that if they should find the facts sworn to by *Fox* to be true, he was bound to make no further search for the debtor; and that the bail having failed to surrender him, or to make payment, the plaintiff was entitled to a verdict.

The judge did not so instruct the jury, but charged them, that the only question for their consideration was, whether there had been an avoidance on the part of the debtor; and that if he might have been taken, by the officer, by the use of common and ordinary diligence, there was in law no such avoidance; and that the promise of *Henry Gardner*, as claimed by the plaintiff, furnished no excuse for the want of such diligence; but that the jury must determine from all the evidence before them, whether such diligence had been used.

The jury returned a verdict for the defendants; and the plaintiff moved for a new trial for a misdirection.

*Brainard*, in support of the motion, contended, 1. That upon the facts stated in the motion, the judge should have charged the jury, that there was an avoidance, and should not have left it to them, after finding the facts, to say whether they constituted an avoidance. What is an avoidance within the *statute*, is a question of *law*; and must always be so, for the uniform guidance and security of the officer. A bail bond is a *contract*, the exposition of which belongs to the court, and not to the jury. In *Fitch* v. *Loveland*, *Kirby* 385. Judge *Ellsworth*, after stating the facts in the case, remarks, that "after admitting those facts, a traverse that it was in the officer's power to

New-London,
July, 1835.

Beebe
v.
Gardner.

arrest the debtor, was but traversing a legal inference or question of law."

2. That the charge was incorrect in regard to the promise made by the bail to the officer. The diligence required of the officer is for the benefit of the bail; and he can dispense with it, in analogy to all similar cases. The dispensing with performance of a condition, by the party entitled to it, is equivalent to performance.

*Isham*, contra, was stopped by the court.

HUNTINGTON, J. Two exceptions are taken to the proceedings of the judge, on the trial of this cause at the circuit:

1. In refusing to instruct the jury, that if they believed the testimony of *Fox*, they should return a verdict for the plaintiff; and instructing them, that if the principal might have been taken, by the officer, by the use of common and ordinary diligence, there was in law no avoidance; and that *they* were to determine, from all the evidence, whether such diligence had been used.

2. In charging the jury, that the promise of *Henry Gardner*, (the surety) as stated in the motion and claimed to have been proved, furnished no excuse to the officer, for the want of such diligence.

1. It was admitted in the argument, by the counsel for the plaintiff, that by the laws of this state, there can be no recovery against the surety in this bond, unless there has been an avoidance of the principal, and a return of *non est inventus* on the execution. 1 *Stat.* 63. *tit.* Bail. *s.* 4. *Collins & al.* v. *Cook*, 4 *Day* 1. *Edwards* v. *Gunn*, 3 *Conn. Rep.* 316. *Newell* v. *Hoadley*, 8 *Conn. Rep.* 381. As such a return was made in the present case, the court very properly stated to the jury, that the only question for their consideration was, whether there had been an avoidance on the part of the principal. No complaint is made, by the plaintiff, of this statement of the point in controversy between the parties. But it is insisted, that in refusing the instruction which was asked, and in the instruction which was given, error has been committed. In support of this exception, it is urged, that the term " avoidance," as used in the statute, is a legal term; and that the question, whether in any case, there has been an avoidance, is matter of law, to be decided by the court,

upon the facts proved or admitted : that in the present case, the *New-London,* July, 1835.

Beebe
*v.*
Gardner. plaintiff claimed to have proved, that on the 9th of *August,* 1832, the officer went to the dwelling-house of the debtor in the execution, and did not there find him ; that he made search, in different parts of the farm on which the debtor usually resided, but did not find him ; that he made no further search for him, and on the next day, made his return of *non est inventus ;* that these facts, if proved, constituted in law, an avoidance, and the jury should have been so instructed. Instead, however, of such instruction, they were informed, that if the debtor might have been taken by the officer, by the use of common and ordinary diligence, there was in law no avoidance ; and the question whether such diligence had been used, was left for their decision : the judge (as is claimed) thus omitting to decide a question of *law* fairly arising upon the facts as presented by the plaintiff, and submitting it to the jury, as a matter of *fact* to be found by *them.*

We are of opinion, that the instruction which was asked, was properly refused ; and that the charge which was given, was the only one, under the circumstances disclosed in the motion, which, consistently with well established legal principles and adjudicated cases, could have been given.

We do not intend to controvert the position, that, in a certain sense, what constitutes an avoidance, is matter of law, to be declared by the court. Where the facts are admitted, or proved beyond a doubt, and the law arising on them is to be decided, generally a question of law only remains. In every case, however, where the parties differ as to the facts, reference must be had, by the judge, to the legal principles which are applicable to such facts as are in controversy, and are material. No illustration of this rule more striking, can be found, than the one which is furnished by the record before us. The plaintiff claimed to have proved, that, on a particular day, he made diligent search for the person of the debtor, and could not find him. The defendants claimed that they had proved, that the debtor was about publicly, during the life of the execution ; that he had never left the town in which he resided ; had never avoided the officer ; and might, at all times, have been taken on the execution. In reference to these conflicting claims of the parties, the jury were informed, that to constitute a legal avoidance, it was necessary that the officer should use common

and ordinary diligence, to arrest the debtor. This was the legal principle applicable to the case before them, which they were to apply to the facts as they should find them. That as to the facts, the parties were not agreed ; and it was submitted to them to ascertain, whether such diligence as they had been informed, by the court, was necessary to cause a forfeiture of the bond, had been used. This instruction is in accordance with repeated decisions of this court, to which we adhere, and hereby confirm. We think they give a correct interpretation of the statute, which regulates the right to recover on a bail bond ; are founded in the plainest principles of equity ; and afford the most ample security to the creditor, while they preserve the just rights of the debtor. In the case of *Edwards* v. *Gunn*, 3 *Conn. Rep.* 316, we said, "the obligation of bail arises from contract and the law conjointly, which extends his privilege beyond the express condition of the bond. The statute subjects him, in case of the principal's avoidance and a return of *non est inventus* on the execution. This event does not take place on the omission to surrender the principal in court, nor until, *after the exercise of due diligence*, the execution is legally returned. *It is unquestionably the officer's duty to exert himself faithfully and diligently for the apprehension of the debtor*." "A return made, *without the exercise of due diligence*, to subject the bail, is fraudulent and void." In the case of *Newell* v. *Hoadley*, 8 *Conn. Rep.* 381, our attention was called to the preceding case, and such of the principles established by it, as are applicable to the point now under consideration, were held to be just, reasonable and conformable to the spirit of the statute. Indeed, they had, long before, been adopted as the law of this state, in *Fitch* v. *Loveland*, *Kirby*, 384, and been applied in practice, to all cases embraced by them.

In view of these cases, and the just and equitable rule which they establish, we can discern no error in the charge which was given to the jury, which forms the basis of the first exception taken by the plaintiff. The legal principle, which was to be applied to the case, was properly presented ; and the facts which were in controversy, to which such application was to be made, were left, as all other matters of fact in dispute are and should be, to be found by the jury. "*Ad questionem facti, non respondent judices.*" Whether common and ordinary diligence had been used, in the case on trial, was necessarily, a mere

question of fact, because it had reference to extrinsic facts, which were controverted between the parties, and depended on all the circumstances of the case. The *law* could pronounce nothing on the subject, further than what the judge declared, which was, that common and ordinary diligence was necessary to be used, by the officer; and it was the province of the jury exclusively, to find from the evidence, whether it had been used. *Backus* v. *Shipherd*, 11 *Wend.* 629. *Thomas* v. *Wood*, 4 *Cowen*, 173.

From the remarks already made, it will be seen, that we have not overlooked the claim made by the plaintiff, that an avoidance is proved, and a consequent forfeiture of the bond, whenever an officer, on one day, during the time limited for the service of the execution, *bona fide*, makes search for the person of the debtor, at his dwelling-house, and on different parts of the farm on which he resides, without success, and the next day, makes his return of *non est inventus*. The answer to this claim, has been already given, by the opinion we have expressed, that common and ordinary diligence is to be used by the officer; and whether, in this case, such diligence was proved, was a question of fact properly submitted to the jury. We, however, think proper to add, that in our opinion, this claim has not the slightest foundation in law or equity. It advances a doctrine, which is wholly inconsistent with the just rights of the debtor and officer;—entirely unnecessary for the protection of the creditor;—and opposed to adjudicated cases, from an early period of the judicial history of this state to the present time. It assumes, that if an officer, *once*, during the life of an execution, goes to the dwelling-house of the debtor, and on to his farm, with a *bona fide* intent to arrest the person of the debtor, and after making diligent search, cannot find him, he is justified in making a return of *non est inventus* on the execution, and thus create a forfeiture of the bond, and a right of action upon it, as against both principal and surety, for the whole amount of damages and costs in the execution, with the fees of the officer thereon. The very statement of such a proposition, is calculated to startle those who live under a government of laws, and those who are called to administer them. It supposes, that the absence of a debtor from his house and his farm, on a particular day, (however necessary or proper it may be) is an *avoidance*, if he is then and there sought, by the

New-London,
July, 1835.

Beebe
v.
Gardner.

New.London,
July, 1835.

Beebe
v.
Gardner.

officer, *bona fide*, and cannot be found :—and this, too, notwithstanding on all other days, both prior and subsequent, while the execution is in force, he is publicly abroad, ready to submit to the service of the process, and only to be sought at his own house, to be found and arrested. Is such a principle just, as it respects the debtor and his surety? Ought they to be subjected on their bond, because the debtor was not, on a particular day, at a particular place, ready to be taken on the execution? Does the surety promise, that his principal shall, *at all times*, while the execution is in force, be in his house, or on his farm? Is it a part of his contract, that the debtor, whenever he is sought by the officer, shall be found, or the bond be forfeited? The security of the creditor does not demand the adoption of such a principle. All which *he* can reasonbly require, is, that within the life of the execution, his debtor shall be forthcoming, that he may be arrested; and if this is done, he sustains no legal injury. If the officer, after the exercise of due diligence, and after the lapse of a reasonable period, to be determined by reference to all the circumstances of the case, returns the execution with an indorsement of *non est inventus*, he is protected. The cases to which we have before referred, all speak in terms of condemnation of the claim now under consideration. If, therefore, it was the duty of the judge at the circuit, to have decided the question submitted to him by the plaintiff, it would have been equally his duty, to have decided it adversely to the claim of the plaintiff:—and we do not advise a new trial, in any case, because the court has omitted to charge the jury on a point presented by one of the parties, where, if any instruction had been given, it should have been adverse to the claim of the party, who complained of such omission. *He* has not been injured by it.

2. It is urged, that the charge as to the effect of the promise to the officer, by the surety, that " he would either pay the amount of the execution, or surrender the principal during the life of the execution," is incorrect. The instruction, on this point, was, that this " promise furnished no excuse for the want of common and ordinary diligence on the part of the officer." It is contended, that this promise amounted to a waiver, by the surety, of his right to insist on the exercise of legal diligence ;— that such diligence is required only as a protection to the surety ;—he may deprive himself, by his own act, of a benefit which

the law gives him;—he may dispense with the performance of an act required for his security;—and that, by this promise, he dispensed with its performance. We do not deem it necessary to enquire, whether any remedy exists, or if so, what is its nature, in favour of the officer against the surety, if he has sustained any injury, by reason of the non-performance of the promise stated in the motion. We are all of opinion, that in *this case*, the officer cannot avail himself of such promise. This is a joint action against the principal and surety in the bond. If the plaintiff is entitled to judgment, it is clear, that it must be rendered against *both* defendants: And we are asked to subject the principal, as well as the surety, in consequence of an arrangement made between the latter and the officer, to which the principal was no party, and of which he was wholly ignorant. If the surety can waive his own rights, he cannot affect the rights of others. If he can dispense with legal diligence, as it regards himself, he cannot, by his own act, dispense with it, as it regards the principal. The debtor is not liable on his bond, until there has been an avoidance by him. There is no such avoidance, without the exercise of due diligence by the officer; and he cannot omit the use of it, to the prejudice of the debtor, by reason of any private arrangement or secret understanding with the surety. This, in effect, would be "to entrap" the principal, "against the honesty and justice of the case; and as such, instead of being rewarded, should be censured."

We perceive no error in the proceedings in this case in the superior court; and the rule must, therefore, be discharged.

WILLIAMS, Ch. J. and BISSELL, J. were of the same opinion.

CHURCH, J., being absent by reason of indisposition, and WAITE, J. having been of counsel in some previous stage of the cause, gave no opinion.

New trial not to be granted.