## WILLIAM BEACH *vs.* HARVEY ELLIOTT.

The surety on a bail bond is not liable unless there has been an avoidance by the debtor.

There is no such avoidance where there has not been due diligence on the part of the officer.

The conduct of the officer held in the present case not to have been due diligence.

DEBT on a recognizance as special bail for one Charles C.

Dolph; brought by appeal from a justice of the peace to the Court of Common Pleas for New Haven County, and tried to the court, on the general issue with notice, before *Stoddard, J.* Facts found and judgment rendered for the defendant, and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*H. Stoddard* and *H. S. Hotchkiss*, in support of the motion.

*L. Harrison*, with whom was *J. C. Cable*, contra.

GRANGER, J.   The questions in this case are—first, whether the officer used due diligence in the service of the execution against the debtor *Dolph;* second, whether the latter avoided service.

The facts are that judgment was rendered against Dolph in an action for fraud on the 16th of February, 1876, the defendant having entered into a recognizance of special bail as surety for him. The parties, except Dolph, who resided in Guilford, all resided in Branford. The sheriff, who subsequently served the execution, and the plaintiff Beach were informed on the day when judgment was rendered against Dolph, that he intended to remove from Guilford about the 1st of April following. The execution was issued on the judgment on the 21st of February and put into the hands of sheriff Hart. Dolph continued to reside in Guilford until the 8th day of April, 1876, when he removed his family and goods to New Haven, and Elliott agreed to be responsible for the team. From the 16th of February to the 8th of April Dolph was engaged in his usual business, and publicly about the streets of Guilford, and on the first Monday of April was at the polls and voted, and during all this time was not out of town. During this time Hart, the sheriff, met him several times, and called at his house to serve other papers on him, but did not at any of these times make any demand on the execution, or inquire when and to what place he was to remove. On the 11th day of April the sheriff was informed that Dolph had removed and on that day went to the place of

his residence in Guilford to make demand on the execution. He found the house vacant, and inquired of several persons where Dolph had removed, and was informed that his goods had been seen on the road to New Haven. He then inquired of the owner of the team which had been used in transporting his goods, and was informed that he could not tell where he was to be found, only that he had gone to New Haven, but that the person who drove the team, and who was in the owner's employment, could tell him where he had taken his goods. He however made no inquiry of the person referred to. Dolph went to New Haven, made no concealment of his place of residence, was publicly about his business, and all the time within the officer's precincts. It does not appear from the finding that he made the least attempt to avoid the officer, nor does it appear that the officer made the least attempt to serve the execution upon him.

Upon these facts we think it very clear that the officer did not exercise due diligence, and that there was no effort on the part of Dolph to avoid the service of the execution, and inasmuch as there was not, the law is well settled that the surety is not liable.

The obligation of bail is defined by statute, Revised Statutes, page 412, section 4. This section provides that every surety on any bail bond shall be obliged to satisfy the judgment, in case of the principal's *avoidance*, and a return of *non est inventus*, unless, &c.

The case of *Beebe* v. *Gardner*, 11 Conn., 104, is decisive of all the questions involved in this case. In that case the court says: "The debtor is not liable on his bond until there has been an avoidance by him. There is no such avoidance without the exercise of due diligence on the part of the officer, and he cannot omit the use of it to the prejudice of the debtor by reason of any private arrangement or secret understanding with the surety. This, in effect, would be to entrap the principal against the honesty and justice of the case, and such conduct, instead of being rewarded, should be censured." We think this doctrine applies with equal if not greater force to the surety, and we are all satisfied that there is no error

in the judgment of the court below and that the motion for a new trial must be denied.

In this opinion the other judges concurred.